IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN S. STITT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMY K. ZANDER, et al. | : | NO. 13-4552 |

| | | |
|---|---|---|
| GLENN S. STITT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MEYERS, et al. | : | NO. 13-4553 |

MEMORANDUM

GARDNER, J.                                            SEPTEMBER 27 , 2013

    Glenn S. Stitt, a prisoner incarcerated at the State

Correctional Institution at Laurel Highlands, filed the two above

captioned civil rights actions.  He seeks to proceed in forma

pauperis.[1]  For the following reasons, the Court will deny

plaintiff leave to proceed in forma pauperis pursuant to 28

U.S.C. § 1915(g), without prejudice to plaintiff reinstating the

cases by paying the filing fee and administrative fee.

    According to § 1915(g), a prisoner who on three or more

prior occasions while incarcerated has filed an action or appeal

_____

    [1]Plaintiff filed a motion to proceed in forma pauperis in
connection with Civ. A. No. 13-4552, which was docketed in Civ.
A. No. 13-4553.  He subsequently filed a copy of his prison
account statement, which was docketed in Civ. A. No. 13-4552.
Plaintiff submitted $5.00 with Civ. A. No. 13-4553, which is the
filing fee to commence a habeas proceeding, as opposed to a civil
rights action.  However, he indicated in subsequent exhibits that
he is indigent.  Stitt v. Meyers, Civ. A. No. 13-4553 (Document
No. 2.)  Accordingly the Court understands plaintiff to be
seeking leave to proceed in forma pauperis in both cases.

in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes]." Keener v. Pa. Bd. of Prob. & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

Plaintiff accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. See Stitt v. Spector, E.D. Pa. Civ. A. No. 93-3144 (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d)); Stitt v. Spector, E.D. Pa. Civ. A. No. 93-2592 (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d); Stitt v. Kitzman, S.D. Tex. Civ. A. No. 93-2044 (dismissing complaint as frivolous and malicious); Stitt v. DeAnda, S.D. Tex. Civ. A. No. 93-1452 (dismissing complaint as frivolous); Stitt v. Collins, S.D. Tex.

2

93-488 (dismissing case as frivolous). Accordingly, he may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants. Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). In Stitt v. Zander, Civ. A. No. 13-4552, plaintiff alleges that the defendants tampered with transcripts in his criminal case. In Stitt v. Meyers, Civ. A. No. 13-4553, plaintiff alleges that he was the victim of false disciplinary charges. Neither of the complaints reflects that plaintiff was in imminent danger of serious physical injury at the time of filing. Accordingly, the Court will deny plaintiff leave to proceed in forma pauperis without prejudice to his paying the filing fee and administrative fee. An appropriate order follows.